# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

    **Plaintiff,**

                                              Civil Action No. 3:14cv61

**JUDGE KING,**                                      **(Judge Groh)**

    **Defendant.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Kenny Drew Sayre ("Sayre") an inmate at the Northern Correctional Facility in Moundsville, West Virginia, initiated this case on June 17, 2014 by filing the filing of a civil rights complaint pursuant to 42 U.S.C. §1983. In his complaint, he requests appointed counsel and raises conditions of confinement claims. He alleges he was subjected to a "fraudulent" disciplinary hearing at the facility, on a write-up done in retaliation by a correctional officer he contends he filed suit against in the Circuit Court of Kanawha County, West Virginia; and that a body search was performed on him by a correctional officer, during which he contends

> my privet [sic] parts and . . . rear end [were touched] in a sexual matter [sic] . . . [and] I am afraid of for [sic] my safety here because they took all my stamps envernlopes [sic] and won't give me all my legal property or they won't let me call my family and friends, they gave no lunch after coming back from that fake court. But not [sic] I really fell [sic] I am not safe here.

Dkt.# 1 at 2 - 3.

On the same day the complaint was filed, the Clerk of the Court sent plaintiff a Notice of Deficient Pleading indicating that he was required to file certain court-approved forms, among them, this Court's form motion to proceed *in forma pauperis*. Although the plaintiff filed a letter

1

motion to amend his complaint on July 2, 2014,[1] and requested a copy of the Local Rules on July 24, 2014, to date, plaintiff has never provided a response to the deficiency notice, nor has he requested an extension of time or otherwise explained his failure to comply. The docket reflects that the return receipt showing delivery of the deficiency notice was dated June 23, 2014.

However, because Sayre is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), there is no need to wait receipt of those forms.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three non-habeas[2] civil actions or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. Therefore, pursuant to § 1915(g), the Court takes judicial notice of the following cases from this district which were dismissed as frivolous, malicious or for the failure to state a claim: Sayre v. Taylor, case no. 1:99cv158; Sayre v. Crim, case no. 1:99cv155; Sayre v. Godwin, case no. 1:97cv148; Sayre v. Wexford Medical Services, 2:11cv75; and Sayre v. Dyer, case no. 5:92cv137. Further, Sayre's

---

[1] In his motion to amend, he seeks to add five more defendants to this action; among them is the governor of West Virginia, Earl Ray Tomblin.

[2] Although not to be considered for purposes of accumulating strikes under the Three Strike Rule, Sayre has also filed numerous state habeas corpus petitions in this district and has been chastised for his abuse of the writ. In 2006, after Sayre's fifth §2254 petition in five years, in 2006, the Court noted that "[p]etitioner continues to file claims in piecemeal fashion with little or no regard for judicial time and resources. Not surprisingly, the Court notes that although specifically requested on the standard habeas form used . . . to initiate this case, petitioner failed to inform the court about his prior habeas petitions . . . petitioner is warned that the Court will not tolerate incomplete or false responses and/or statements in any pleading filed for future consideration[.]" See 5:05cv183, Dkt.# 32 at 9.

appeal in Sayre v. Godwin, was found to be frivolous by the Fourth Circuit Court of Appeals and dismissed "on the reasoning of the district court."[3] Sayre has also had at least one case in this district dismissed for seeking monetary relief from a defendant who is immune from such relief: Sayre v. Marks, case no. 1:01cv7.[4] Further, Sayre has been denied *in forma pauperis* status in at least four cases in this district that were dismissed for three strikes: Sayre v. Seifert, case no. 2:10cv65; Sayre v. Kopp, 1:03cv24; Sayre v. Malarski, 2:10cv31; and Sayre v. Waid, 1:08cv142.

Additionally, Sayre has filed numerous complaints in the Southern District of West Virginia and has over three strikes against him there. See Sayre v. Mount Olive Correctional Complex, 5:01cv0434 (S.D. W.Va. Oct. 17, 2001) (citing Sayre v. Painter, No. 5:99-0748; Sayre v. State of West Virginia, No. 2:99-0938 (S.D. W.Va. July 17, 2000); Sayre v. Painter, No. 5:00-0088 (S.D. W.Va. Sep. 17, 2001); and Sayre v. Painter, No. 5:00-0099 (S.D. W.Va. Mar. 30, 2000). In Sayre v. Trustee Clerk, Mount Olive Correctional Complex, 2:11cv284 (S.D. W.Va. 2011), in the nineteenth case filed by the plaintiff in that district since August, 1999, before dismissing the case for strikes in excess of three, the Southern District noted that

> The plaintiff is a well-known and frequent litigator in this court. In Sayre v. McGraw, No. 2:08-cv-00115 (S.D. W.Va. May 19, 2008), the undersigned enumerated fifteen previous cases filed by this plaintiff, all of which have been dismissed. Case No. 2:08-cv-115 was the sixteenth; Case No. 2:10-cv-157 was the seventeenth. Case No. 2:10-cv-1329 was the eighteenth.

(S.D. W.Va. Dkt.# 11 at 2)(2:11-cv-00284).

---

[3] An appeal which is dismissed as frivolous is counted as a strike. Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775 (10th Cir. 1999).

[4] A dismissal for seeking monetary relief against a defendant who is immune from such relief counts as a strike. See 28 USC §1915A(b)(2) and Green v. Young, 454 F.3d 405, 407 (2006).

Sayre is listed in the National *Pro Se* Three Strikes Database as having at least eleven strikes against him.

Based on the numerous strikes Sayre has accumulated in both the Northern and Southern Districts of West Virginia, he may not file another complaint without prepayment of fees unless he alleges he is imminent danger of serious physical harm. As set forth above, plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes the petitioner has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The complaint in this case does not meet that standard.

For the reasons stated above, it is hereby **RECOMMENDED** that the Plaintiff's complaint (Dkt.#1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit."). Further, the undersigned recommends that plaintiff's pending letter motion to amend his complaint (Dkt.# 5) be **DENIED as moot.**

**Within fourteen days** after being served with a copy of this Recommendation**, or by September 1, 2014**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District

Judge of record. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

    The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 18, 2014

                                            /s/ James E. Seibert_____
                                            JAMES E. SEIBERT
                                            UNITED STATES MAGISTRATE JUDGE