# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KENNY DREW SAYRE,**

      Plaintiff,

**v.**                      **CIVIL ACTION NO.: 3:14-CV-61**
                                         **(JUDGE GROH)**

**JUDGE KING,**

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation. On August 18, 2014, Magistrate Judge Seibert entered his report and recommendation. ECF 6. In that filing, he recommended that this Court dismiss Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150

(1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Seibert's report and recommendation were due within fourteen days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Plaintiff was served with the report and recommendation on August 20, 2014. On September 2, 2014, Plaintiff filed objections to the report and recommendation. Accordingly, this Court will conduct a *de novo* review of the Plaintiff's objections to the report and recommendation. The Court will review the remainder of the report and recommendation for clear error.

**I. Background**

Plaintiff Kenny Drew Sayre is an inmate at the Northern Correctional Facility in Moundsville, West Virginia. On June 17, 2014, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, he requests court-appointed counsel and raises conditions of confinement claims. Plaintiff alleges he was subjected to a "fraudulent" disciplinary hearing at the facility and he was touched in a sexual matter when a correctional officer performed a body search on him.

Also on June 17, 2014, the Clerk of the Court sent Plaintiff a Notice of Deficient Pleading indicating that he was required to file certain court-approved forms with this Court, including the Court's form motion to proceed *in forma pauperis*. On July 2, 2014, Plaintiff

filed a *pro se* motion to amend his complaint. However, Plaintiff did not file a motion to proceed *in forma pauperis*, and he did not file his complaint on the court-approved form.

## II. Report and Recommendation

On August 18, 2014, Magistrate Judge Seibert entered a report and recommendation wherein he recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Section 1915(g), the Prison Litigation Reform Act's "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Magistrate Judge Seibert took judicial notice of five cases from this district which were dismissed as frivolous, malicious, or for failure to state a claim. Additionally, Magistrate Judge Seibert noted an appeal that was dismissed by the Fourth Circuit Court of Appeals on the basis of frivolity. Magistrate Judge Seibert also listed one case in this district where Plaintiff attempted to seek monetary relief from an immune defendant and at least four cases where Plaintiff was denied *in forma pauperis* status in this district due to the three strikes provision.

Magistrate Judge Seibert concluded that based on the strikes Plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." Magistrate Judge Seibert found that Plaintiff's complaint does not allege he is in imminent danger of serious physical injury.

3

Therefore, Magistrate Judge Seibert recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and that Plaintiff's motion to amend his complaint be denied as moot.

### III. Plaintiff's Objections

Plaintiff does not object to Magistrate Judge Seibert's finding that Plaintiff has brought three or more civil actions and appeals while incarcerated that were ultimately dismissed because the civil action or appeal was frivolous, malicious, or failed to state a claim upon which relief may be granted. However, Plaintiff now states in his objections that he is in imminent danger of serious physical injury.

Under section 1915(g), based on the strikes Plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." In Plaintiff's complaint, he stated that he was afraid for his safety because prison staff "took all my stamps[,] envelopes[,] and won't give me my reading glasses or won't give me all my legal property, or they won't let me call my family and friends, they give no lunch after coming back from that fake court." Plaintiff states that he feels his life "is in danger, as to some kind of physical harm or injury."

Conclusory allegations about prison conditions are insufficient to demonstrate that a prisoner is in imminent danger of serious physical injury. See McCarthy v. O'Brien, Civil Action No. 2:13-CV-70, 2014 WL 795074, *3 (N.D.W. Va. Feb. 27, 2014). Indeed, "[v]ague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006); see also Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (stating that a prisoner's allegations

4

of imminent danger of serious physical injury must be "real and proximate and the danger . . . must exist at the time the complaint is filed"); Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001) (noting that a prisoner's allegations of "imminent danger of serious physical injury" must be specific and credible). Additionally, a prisoner's allegations that prison staff was "interfering with his ability to send personal mail and interfering with his access to the courts, by refusing to provide him with 'indigent postage,'" did not state a claim suggesting that the prisoner was in "imminent danger of serious physical injury, let alone in any danger at all." Brown v. Tipton, Civil Action No. 3:14-CV-16, 2014 WL 1600357, *2 (N.D.W. Va. Apr. 21, 2014).

In this case, Plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. First, Plaintiff's allegations that prison officials have not provided him with his reading glasses, postage stamps or envelopes, and access to all of his legal materials does not rise to the level of imminent danger of serious physical injury. Second, the allegations made in Plaintiff's objections are vague and conclusory. Plaintiff does not make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson, 200 F. App'x at 272. Finally, Plaintiff's alleged facts regarding the imminent danger exception do not relate to the claims raised in Plaintiff's action against Judge King. Plaintiff challenges Judge King's dismissal of a tort action filed by Plaintiff against prison staff. Plaintiff "fails to state facts demonstrating that his inability to obtain the legal result he desired in these past cases caused him any physical harm or any heightened risk of future physical harm." Johnson v. Kiser, No. 7:11CV00606, 2012 WL 293286, *2 (W.D. Va. Jan.

5

31, 2012). For the reasons stated, this Court finds that Plaintiff fails to satisfy the imminent danger exception to § 1915(g).

Upon review of the remainder of Magistrate Judge Seibert's report and recommendation, it is the opinion of this Court that Magistrate Judge Seibert did not clearly err and that the report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, it is ordered that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** from the active docket of this Court and that Plaintiff's motion to amend be **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: September 5, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE